Joseph M. Gallenstein Chief of Police Largo Police Department
QUESTION:
What are the responsibilities and duties of law enforcement personnel under s. 401.445(1), F.S.?
SUMMARY:
Section 401.445(1), F.S., provides protection from recovery in any action brought for examining or treating a patient without his or her informed consent and extends such protection to "any person acting under the direct medical supervision of a physician[,]" which would not apply to law enforcement personnel acting under the direction of an emergency medical technician or paramedic.
According to your letter, a problem has arisen regarding the interpretation of s. 401.445(1), F.S., as it may apply to law enforcement officers under your direction. Local emergency medical services personnel are interpreting the phrase "any person acting under the direct medical supervision of a physician" to include City of Largo police officers who are directed by such personnel to restrain patients who are refusing medical treatment. You question the authority of your officers to act under such circumstances and receive the protections afforded by the statute. The discussion herein addresses the situation you have described and should not be considered to apply to any other.[1]
Section 401.445(1), F.S., provides that:
 No recovery shall be allowed in any court in this state against any emergency medical technician, paramedic, or physician as defined in this chapter, or any person acting under the direct medical supervision of a physician, in an action brought for examining or treating without his informed consent if: (a) The patient at the time of examination or treatment is intoxicated, under the influence of drugs, or otherwise incapable of providing informed consent as provided in s. 766.103; (b) The patient at the time of examination or treatment is experiencing an emergency medical condition; and (c) The patient would reasonably, under all the surrounding circumstances, undergo such examination, treatment, or procedure if he were advised by the emergency medical technician, paramedic, or physician in accordance with s. 766.103(3).
Examination and treatment provided under this paragraph shall be limited to reasonable examination of the patient to determine the medical condition of the patient and treatment reasonably necessary to alleviate the emergency medical condition or to stabilize the patient.[2]
Thus, this statute sets forth certain circumstances under which a paramedic, emergency medical services personnel, or a physician, is protected from a legal action arising from the examination or treatment of a patient without his or her consent. The statute also extends such protection to a person acting under the direct medical supervision of a physician. The statute does not prescribe actions to be taken by "any person acting under the direct medical supervision of a physician" but extends immunity from liability for those actions undertaken at the direction of a physician.
It appears that the central issue to be resolved is whether the directions of emergency medical services personnel or paramedics to a law enforcement officer would constitute "direct medical supervision of a physician" for purposes of the statute.
Part III, Ch. 401, F.S., contains definitions of terms used in the act. Pursuant to s. 401.23, F.S., an "[e]mergency medical technician" or "EMT" is "any person who is trained in basic life support and who is certified by the department to perform such procedures in emergency situations."[3] A "paramedic" is defined to mean "a person who is certified by the department to perform basic and advanced life support, pursuant to the provisions of this act."[4] The definition of a physician, contained elsewhere in the act, is "a practitioner who is licensed under the provisions of chapter 458 or chapter 459."[5]
Clearly then, an emergency medical technician or paramedic is not a physician within the contemplation of the statute.[6]
While the phrase "direct medical supervision" is not specifically defined in the act, a definition does appear for "[m]edical direction," which means "direct supervision by a physician through two-way voice communication or, when such voice communication is unavailable, through established standing orders, pursuant to rules of the [Department of Health and Rehabilitative Services]."[7]
Based on a reading of the statutes cited above, it does not appear that directions given by an emergency medical technician or a paramedic to a law enforcement officer to restrain patients who are refusing medical treatment would qualify as "acting under the direct medical supervision of a physician . . . ." However, to the extent that a law enforcement officer is personally receiving "medical direction" from a physician under those circumstances set forth in s. 401.445, F.S., he or she would be protected by the provisions of the statute. In such a case, the law enforcement officer would be acting as a "person acting under the direct medical supervision of a physician[.]"
Thus, it is my opinion that a law enforcement officer acting pursuant to directions given by an emergency medical technician or a paramedic under the circumstances described in s. 401.445, F.S., would not be a "person acting under the direct medical supervision of a physician[.]" Therefore, a law enforcement officer who becomes involved in the emergency examination and treatment of an incapacitated person pursuant to s. 401.445, F.S., at the direction of a paramedic or emergency medical technician is not afforded the protections of the act.[8]
[1] A number of other statutory provisions authorize involuntary examination, involuntary treatment, or involuntary commitment for emergency care, including those in Part I, Ch. 394, F.S., "The Baker Act," relating to mental health; Ch. 396, F.S., dealing with alcoholism; and Ch. 397, F.S., relating to drug dependency. See, e.g., ss. 394.463, 396.072, and 397.0518, F.S.
[2] Section 401.445, F.S., has been amended by s. 25, Ch. 92-78, Laws of Florida. However, the amendment is to subsection (3) of the statute and has no effect on the outcome of this opinion.
[3] Section 401.23(12), F.S.
[4] Section 401.23(17), F.S.
[5] Section 401.23(19), F.S. The statute also provides that "[f]or the purpose of providing `medical direction' as defined in subsection (14) for the treatment of patients immediately prior to or during transportation to a United States Department of Veterans' Affairs medical facility, `physician' also means a practitioner employed by the United States Department of Veterans' Affairs."
[6] I would note that s. 401.23, F.S., providing these definitions has been amended by s. 3, Ch. 92-78, Laws of Florida. While minor changes in the definitions of both "[e]mergency medical technician" and "[p]aramedic" have been made which do not affect the outcome of this opinion, the definition of "[p]hysician" remains identical to that quoted herein.
[7] Section 401.23(14), F.S.
[8] But see, s. 111.065, F.S., which authorizes the employing agency of any law enforcement officer to pay legal costs and reasonable attorney's fees for the law enforcement officer in a civil or criminal action against the officer when the lawsuit arises from the performance of his or her official duties; and s.768.28, F.S., waiving sovereign immunity for the state and its agencies and subdivisions for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his employment.